Robin F. Wynne, Justice, dissenting.
I would reverse the circuit court's grant of summary judgment to appellee on the basis of quasi-judicial immunity and remand for further proceedings. Therefore, I respectfully dissent.
On this record, appellee is not entitled to immunity. As the majority opinion recounts, Kenneth McFadden was released from the Arkansas State Hospital pursuant to a conditional release order and, ultimately, Gain was named "the responsible agency for monitoring [his] compliance to his prescribed medication and treatment regimen." Appellee, a psychiatrist, is the director of Gain. As such, he was McFadden's treating physician, responsible for the long-term (up to five years) treatment of McFadden for schizophrenia.
The law in Arkansas regarding quasi-judicial immunity is not well-developed. In the seminal case, Chambers v. Stern , 338 Ark. 332, 994 S.W.2d 463 (1999), this court held that a court-appointed physician providing evaluation and therapy services in a divorce case was entitled to absolute immunity for acts within the scope of the court's appointment. The case at bar presents an opportunity to clarify and limit the holding in Chambers . I would draw a distinction between providing treatment and providing evaluations or recommendations to a court:
[T]reatment, unlike reports or evaluations and recommendations, is not intimately related and essential to the judicial decision-making process. Rather, it is a separate remedial function in which full disclosure may be contrary to the best interests of the patient and improper.
*38 See Ethical Principles of Psychologists , American Psychologist 390, 392 (March 1990) ("Principle 5: Confidentiality. Psychologists have a primary obligation to respect the confidentiality of information obtained from persons in the course of their work as psychologists. They reveal such information to others only with the consent of the person.").
Further, the focus of the psychologist in performing evaluations, providing reports, and making recommendations is not necessarily on the best interests of the subject being evaluated or any one of the parties involved in the litigation, but on aiding the court to separate truth from falsity. In contrast, the focus of the therapist in treatment is solely on the best interests of the patient. The need for absolute immunity for treatment is therefore not as compelling as the need for immunity for evaluations and recommendations.
In addition, a party claiming to be aggrieved by an evaluation or recommendation has the opportunity to challenge the expert's opinion during the litigation. There is no similar opportunity to rectify harm caused during treatment.
Awai v. Kotin , 872 P.2d 1332, 1336 (Colo. App. 1993) (citations omitted).
Here, the record reveals that appellee was acting as McFadden's treating psychiatrist; he was not "acting as an arm of the court and performing a quasi-judicial function." Chambers , 338 Ark. at 338, 994 S.W.2d at 466. Therefore, he was not entitled to absolute immunity from suit, and I respectfully dissent.
Hart, J., joins.